1

2               UNITED STATES DISTRICT COURT

3                  DISTRICT OF NEVADA

4

5    UNITED STATES OF AMERICA,

6             Plaintiff,          Case No. 3:23-CR-00031-ART-CLB

7      vs.                  ORDER ON MOTION TO DISMISS

                            (ECF No. 31), MOTION TO

DARRELL DWAYNE HARE JR.,      SUPPLEMENT (ECF No. 42)

8

              Defendant.

9

10       Defendant Darrel Dwayne Hare Jr. is charged with one count of being a

11 Felon in Possession of Firearm under 18 U.S.C. § 922(g)(1) and 924(a)(8). (ECF

12 No. 1). Pending before the Court is Defendant's Motion to Dismiss (ECF No. 31)

13 and Motion for Leave to File Supplemental Authority (ECF No. 42).

14       Defendant argues that under *New York State Rifle & Pistol Ass'n, Inc. v.*

15 *Bruen,* 597 U.S. 1 (2022) and its progeny, his indictment violates the Second

16 Amendment and the prosecution against him should be dismissed.

17       Specifically, Defendant argues that the Ninth Circuit's decision in *United*

18 *States v. Duarte,* 101 F.4th 657 (9th Cir.), *reh'g en banc granted, opinion vacated,*

19 108 F.4th 786 (9th Cir. 2024), holding § 922(g)(1) unconstitutional in certain

20 applications, is still persuasive although it has been vacated pending rehearing

21 *en banc.* He also argues that other Ninth Circuit case law supports a finding that

22 the indictment must be dismissed as violating the Second Amendment.

23 Defendant argues that the Ninth Circuit's decision in *U.S. v. Vongxay,* 594 F.3d

24 1111 (9th Cir. 2010) (holding § 922(g)(1) constitutional), which was overruled in

25 *Duarte,* must still be overruled as irreconcilable with *Bruen.*

26       Because the Ninth Circuit granted rehearing *en banc* in *Duarte,* the

27 decision is no longer binding unless and until it is adopted by the *en banc* court.

28 This means that the decision in *Vonxgay* remains good law. 594 F.3d 1111. As

1  stated by another Court in this District:

2    "Unless and until the *en banc* court adopts the reasoning of the three-judge

3  panel, the Court will adhere to the Ninth Circuit's decision in *United States v.*

4  *Vonxgay*, 594 F.3d 1111, 1118 (9th Cir. 2010), which upheld § 922(g)(1) against

5  a Second Amendment challenge, and subsequent district court cases finding that

6  § 922(g)(1) is consistent with this Nation's historical tradition of firearm

7  regulation. *See e.g., United States v. Alvarez-Mora*, No. 3:22-cr-00006, 2024 WL

8  1638382, at *3–6 (D. Nev. Apr. 15, 2024); *United States v. Brown*, No. 2:22-cr-

9  00214, 2023 WL 7017622, at *5 (D. Nev. Oct. 25, 2023)."[1] *United States v. Tullis*,

10  No. 2:22-CR-00140-GMN-MDC, 2024 WL 3540401, at *1 (D. Nev. July 23, 2024).

11    Because *Vongxay* is still binding on this Court, the prohibition against

12  possession of a firearm by a felon under § 922(g)(1) remains consistent with the

13  Second Amendment under Ninth Circuit law. The Court will therefore deny

14  Defendant's motion without prejudice. Defendant may renew his motion after the

15  Ninth Circuit issues an *en banc* decision if applicable.

16    It is therefore ordered that Defendant's Motion to Dismiss (ECF No. 31) is

17  DENIED without prejudice.

18    It is further ordered that Defendant's Motion for Leave to File Supplemental

19  Authority (ECF No. 42) is DENIED as moot.

20    Dated this 21st day of February 2025.

21

22

23    _____
      ANNE R. TRAUM
24    UNITED STATES DISTRICT JUDGE

25

26  [1] *United States v. Rahimi*, 602 U.S. 680 (2024) does not alter this analysis. *Rahimi*
    concerned § 922(g)(8), which prohibits firearm possession by individuals who are
27  subject to domestic violence restraining orders and was based on an individual
    analysis of the Defendant's threat to others. *Id.* at 686–689, 697–699. It did not
28  speak to § 922(g)(1)'s categorical prohibition on firearm possession by a felon.